

Case 3:21-cr-00186-AET   Document 24   Filed 03/05/21   Page 1 of 2 PageID: 81

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| UNITED STATES | * |
|---|---|
| v. | * CRIM. NO. 21- 186 |
| LEE BESEN | * |

*****

**ORDER REGARDING USE OF VIDEO CONFERENCING/TELECONFERENCING FOR FELONY PLEAS AND/OR SENTENCINGS**

In accordance with Standing Order 2020-06, this Court finds:

[✓] That the Defendant (or the Juvenile) has consented to the use of video teleconferencing/teleconferencing to conduct the proceeding(s) held today, after consultation with counsel; and

[✓] That the proceeding(s) to be held today cannot be further delayed without serious harm to the interests of justice, for the following specific reasons:

Accordingly, the proceeding(s) held on this date may be conducted by:

[✓] Video Teleconferencing

[ ] Teleconferencing, because video teleconferencing is not reasonably available for the following reason:

[ ] The Defendant (or the Juvenile) is detained at a facility lacking video teleconferencing capability.

[ ] Other:

Date: 3/5/2021

Honorable Anne E. Thompson
United States District Judge

## ATTACHMENT A

The Court finds that the guilty plea hearing to be held on February 19, 2021, cannot be further delayed without serious harm to the interests of justice, for the following reasons:

1. To permit defendant LEE BESEN to obtain a speedy resolution of his case through an admission of guilt, and to make amends through an admission of responsibility. Defendant LEE BESEN has consented to this case being resolved by guilty plea by way of video conference so as to prevent any further delay.

2. To permit the Government to obtain a resolution of the case so that the Government, already operating in a restricted capacity due to the emergency, may appropriately focus its resources on other, emerging criminal matters. The Government has asked for this case to be resolved by guilty plea in order to prevent any further delay.

3. To ensure that the Court is not overwhelmed by cases and proceedings at the conclusion of this period of emergency. Currently, District Judges in New Jersey handle a substantially larger docket of cases than Judges in other Districts in the United States. New criminal cases continue to be assigned by the Court during the emergency. If the Court cannot resolve matters now by guilty plea, the resulting backlog will overwhelm the Court's ability to function effectively. The concern of such congestion and the particular harm that likely will be caused by delays in the processing of cases and matters in the future is particularly acute in this emergency, at least given that: (1) it is unknown when this emergency will subside and when the Court will be able to function at normal capacity (including, among other things, the empanelment of trial juries); and (2) this District's pre-existing shortage of District Court Judges which already has challenged the Court's ability to process and resolve cases. This District has six District Judge vacancies: two have been pending for more than five years; one has been pending almost three years; two have been pending for more than a year; and one has been pending for almost one year. The Federal Judicial Conference has deemed the District's six vacancies judicial emergencies.